**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PARALLEL IRON, LLC<br><br>v.<br><br>ADKNOWLEDGE, INC. | C.A. No. 12-762-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>AMAZON WEB SERVICES, LLC | C.A. No. 12-763-RGA |
| PARALLEL IRON, LLC<br><br><br>v.<br><br>EMC CORPORATION | C.A. No. 12-764-RGA |
| PARALLEL IRON, LLC<br><br><br>v.<br><br>HITACHI DATA SYSTEMS<br>CORPORATION, et al. | C.A. No. 12-766-RGA |
| PARALLEL IRON, LLC<br><br><br>v.<br><br>NETAPP INC. | C.A. No. 12-769-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>ADOBE SYSTEMS INCORPORATED | C.A. No. 12-874-RGA |

| | |
|---|---|
| PARALLEL IRON, LLC<br><br>v.<br><br>FACEBOOK INC. | C.A. No. 12-876-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>LINKEDIN CORPORATION | C.A. No. 12-877-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>MORGAN STANLEY | C.A. No. 12-878-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>MOTOROLA MOBILITY LLC | C.A. No. 12-879-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>ORBITZ, LLC | C.A. No. 12-880-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>BANK OF AMERICA, N.A. | C.A. No. 12-995-RGA |
| PARALLEL IRON, LLC<br><br>v.<br><br>NETFLIX, INC. | C.A. No. 12-1035-RGA |

**SCHEDULING ORDER**

This 20th day of December, 2012, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1 (b) with Parallel Iron, LLC ("Plaintiff") and

Defendants in each of the thirteen (13) above-captioned cases, and the parties having determined

after discussion that the matter cannot be resolved at this juncture by settlement, voluntary

mediation, or binding arbitration;

IT IS ORDERED that:

1.       Rule 26(a)(l) Initial Disclosures. Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on

or before January 18, 2013.

2.       Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before May 17, 2013.

Motions to join other parties, and to amend or supplement the pleadings filed after May 17, 2013,

shall only be granted for good cause or when justice so requires.

3.       Discovery Coordination.

a.       The parties propose to coordinate discovery in the thirteen (13) above-captioned

cases where practicable.  These thirteen cases are (1) Parallel Iron, LLC v. Adknowledge, Inc.,

C.A. No. 12-762-RGA; (2) Parallel Iron, LLC v. Amazon Web Services, LLC, C.A. No.

12-763-RGA; (3) Parallel Iron, LLC v. EMC Corporation, C.A. No. 12-764-RGA; (4) Parallel

Iron, LLC v. Hitachi Data Systems Corporation, C.A. No. 12-766-RGA; (5) Parallel Iron, LLC v.

NetApp Inc., C.A. No. 12-769-RGA; (6) Parallel Iron, LLC v. Adobe Systems, Inc. C.A. No.

12-874-RGA; (7) Parallel Iron, LLC v. Facebook Inc., C.A. No. 12-876-RGA;  (8) Parallel Iron,

LLC v. LinkedIn Corporation, C.A. No. 12-877-RGA; (9) Parallel Iron, LLC v. Morgan Stanley,

C.A. No. 12-878-RGA; (10) Parallel Iron, LLC v. Motorola Mobility, LLC, C.A. No.

12-879-RGA; (11) Parallel Iron, LLC v. Orbitz, LLC, C.A. No. 12-879-RGA; (12) Parallel Iron,

LLC v. Bank of America, N.A., C.A. No. 12-995-RGA; and (13) Parallel Iron, LLC v. Netflix, Inc., C.A. No. 12-1035-RGA.

b.       Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain.

c.       For purposes of counting discovery requests and deposition hours, all Defendants in a case count as a single Defendant.  To illustrate, as of this date there are 13 Defendants by this definition.

d.       The parties are continuing to meet and confer about discovery of Electronically Stored Information ("ESI") and will submit a proposal to the Court regarding this topic at a later date.  In the event the parties are unable to reach an agreement, counsel shall follow the provisions of Paragraph 7(f) below.

4.       Initial Discovery in Patent Litigation.

a.       Paragraph 4(a) of the Default Standard is modified as follows:  On or before February 15, 2013, Plaintiff shall specifically identify the accused products, services, systems, apparatuses, processes, methods, acts, or other instrumentalities ("Accused Instrumentality") of each Defendant and the asserted patent(s) allegedly infringed by each Defendant, and produce the file history for each asserted patent.

b.       Paragraph 4(b) of the Default Standard is modified as follows:  On or before April 1, 2013, each Defendant shall produce to Plaintiff core technical documents related to the Accused Instrumentalities applicable to each Defendant, including but not limited to operation manuals, product literature, schematics, and specifications.

5.       Infringement Contentions.  Paragraph 4(c) of the Default Standard is modified as follows:  On or before May 16, 2013, Plaintiff shall provide to each Defendant an initial claim

chart relating each Accused Instrumentality to the asserted claims that the Accused Instrumentality allegedly infringes.  Such disclosure shall include the following information:

a.        Each claim of each patent-in-suit that is allegedly infringed by each Defendant.

b.        Separately for each asserted claim, each Accused Instrumentality of each Defendant of which Plaintiff is aware.  This identification shall be as specific as possible.  Each system, apparatus, device, service, process, method or act must be identified by name, or number and function, if known.  Each service, process, or method must be identified by name and function, if known, or by any system, apparatus, or device which when used, allegedly results in the practice of the claimed method or process;

c.        A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that Plaintiff contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

d.        Whether each element of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

e.        For any patent claim that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

f.        If Plaintiff wishes to preserve the right to rely for any purpose, on the assertion that its own system, apparatus, device, process, method, act, or other instrumentality practices the claimed invention, Plaintiff must identify separately for each asserted claim, each such system, apparatus, device, service, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

6.  <u>Invalidity Contentions</u>.  Paragraph 4(d) of the Default Standard is modified as follows:  On or before July 1, 2013, Defendants shall provide to Plaintiff their initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).  Such disclosure shall contain the following information:

a.    The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U .S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b.    Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items or the reason for the combination, must be identified;

c.    A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such Defendant contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

d.      Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

7.      Discovery.

a.      Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before February 14, 2014.  All expert discovery in this case shall be initiated so that it will be completed on or before July 18, 2014.

b.      Document Production. Document production shall be substantially complete by July 12, 2013.  The date may be extended by written agreement between the parties or by order of the Court for good cause shown.

c.      Requests for Admission. In each case, an unlimited number of requests for admission as to authenticity of documents is permitted. A maximum of 25 additional requests are permitted in each case for Plaintiff, and a maximum of 25 additional requests are permitted for each Defendant.

d.      Interrogatories. A maximum of 25 interrogatories is permitted in each case for Plaintiff, and a maximum of 25 interrogatories is permitted for each Defendant.

e.      Depositions.

i.      Limitation on Hours for Deposition Discovery.  Plaintiff may take a combined maximum of 70 hours of fact depositions in each case, excluding expert depositions but including third-party depositions.  No Defendant shall be subject to more than 35 total hours of depositions (i.e. no more than 35 hours total deposition time for each Defendant entity in each case and its past or current officers, employees, and agents).  The Defendants may collectively take a combined maximum of 170 total hours of fact depositions, excluding expert depositions but including third party depositions.  Each fact deposition is limited to a maximum of seven (7) consecutive hours,

except that Defendants may take up to 14 hours for each inventor.  Where an inventor is also designated as a Rule 30(b)(6) witness, the Rule 30(b)(6) deposition time is excluded from the 14-hour limit.  Expert depositions will not count toward these limitations.  Any fact deposition taking fewer than four hours shall be deemed to have taken four hours.  If additional hours for deposition discovery become necessary, the parties shall meet and confer to try to reach agreement on the number of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

   ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place within fifteen (15) miles of the offices where that representative is employed, provided such location is within the United States.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court that is located outside of the United States must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   iii. <u>Limitation on Hours for Expert Deposition Discovery.</u>  No later than forty-five (45) days before the date of the Markman hearing, the parties will meet and confer telephonically regarding the limits on hours for expert deposition discovery, if any.  No later than thirty (30) days before the date of the Markman hearing, the parties shall either (a) file their agreement(s) on a procedure regarding the limits on hours for expert deposition discovery, if any or (b) file competing proposals with disagreements noted for resolution by the Court.

f.       Discovery Matters and Disputes Relating to Protective Orders. Should counsel find

they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties

involved in the discovery matter or protective order dispute shall contact the Court's Case Manager

to schedule an in-person conference/argument. Unless otherwise ordered, by no later than

forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court

a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.

By no later than twenty-four hours prior to the conference/argument, any party opposing the

application for relief may file a letter, not to exceed three pages, outlining that party's reasons for

its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed

document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without

prejudice to the moving party's right to bring the dispute to the Court through the discovery matters

procedures set forth in this Order.

g.       E-Mail Service.   The parties have consented in writing to service by email, in

accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties agree that

service on any party by email shall be made on both local and national counsel of that party.  The

parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery

requests when such deadlines are triggered by service of a document, the additional 3 days

permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner

of service.

h.       Privilege.  The parties are not required to prepare privilege logs or otherwise

schedule documents withheld from production to the extent that they (1) relate to activities

undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. 26(b)(3)(A)

and (B), or (2) are withheld from production on the basis of privilege and/or other  exemption or

immunity from production and are generated after the filing of the Complaints.  All other withheld

documents must be logged in full compliance with Fed. R. Civ. P. 26(b)(5)(A), subject to the

procedures of Paragraph 7(g) above.  Activities undertaken in compliance with the duty to

preserve information are protected from disclosure and discovery under Fed. R. Civ. P.

26(b)(3)(A) and (B).  Parties shall confer about an appropriate non-waiver order under Fed. R.

Evid. 502.  Until a non-waiver order is entered, information that contains privileged matter or

attorney work product shall be immediately returned if such information appears on its face to

have been inadvertently produced or if notice is provided by the producing party.

8. Application to Court for Protective Order. Should counsel find it will be necessary

to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within thirty (30) days from the date of this Order. Should

counsel be unable to reach an agreement on a proposed form of order, counsel must follow the

provisions of Paragraph 7(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard on
> whether that information should be disclosed.

9. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the

Clerk an original and one copy of the papers. A redacted version of any sealed document shall be

filed electronically within seven days of the filing of the sealed document.

10.     <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

11.     <u>Claim Construction Issue Identification</u>. On or before June 14, 2013, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.   On or before June 28, 2013, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging the lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than July 19, 2013. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.     <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on August 9, 2013.  Defendants shall serve, but not file, their joint answering brief, not to exceed 30 pages, on September 13, 2013. Groups of Defendants sharing similar technology or an individual Defendant may address issues not common to all Defendants in additional short answering briefs of no more than five pages.  Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on September 27, 2013.  Plaintiff reserves the right to seek leave to exceed this page limit in proportion to the number and length of any additional briefs

submitted by Defendants.  Defendants shall serve, but not file, their joint sur-reply brief, not to exceed 10 pages, on October 11, 2013.  No later than October 18, 2013, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]
   1.      Plaintiff's Opening Position.
   2.      Defendants' Answering Position.
   3.      Plaintiff's Reply Position.
   4.      Defendants' Sur-Reply Position.

B.      [TERM 2]
   1.      Plaintiff's Opening Position.
   2.      Defendants' Answering Position.
   3.      Plaintiff's Reply Position.
   4.      Defendants' Sur-Reply Position.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

13.     Hearing on Claim Construction. Beginning at 9:00 a.m. on November 26, 2013, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

14.     Disclosure of Expert Testimony.

a.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Rule 26(a)(2) disclosure of expert testimony is due on or before March 28, 2014. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 2, 2014. Reply expert reports from the party with the initial burden of proof are due on or before May 30, 2014. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before July 18, 2014.

b.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

15.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 15, 2014. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

16.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7 .1.1.

17.     Trial Sequencing Conference.  On September 5, 2014 at 11:00 a.m., the Court will hold a Rule 16 conference to discuss the sequence in which the above-captioned cases shall be scheduled for trial.  The parties shall file a joint proposed statement setting forth their positions

regarding trial sequencing and scheduling no later than 5:00 p.m. on the third business day before the date of the sequencing conference.

18.     Pretrial Conference. On December 19, 2014, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

19.     Motions in Limine. Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

20.     Jury Instructions. Voir Dire. and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties

14

shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

      21.    <u>Trial</u>. These matters are scheduled for a first 5 day jury trial beginning at 9:30 a.m. on January 5, 2015, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      22.    <u>ADR Process</u>. These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____

_____
UNITED STATES DISTRICT JUDGE