# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL IRON, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 12-878-RGA |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| MORGAN STANLEY, | ) |
| | ) |
| Defendant. | ) |

## REPLY IN SUPPORT OF DEFENDANT MORGAN STANLEY'S MOTION TO STAY

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant
Morgan Stanley*

Dated: July 30, 2013
1116964 / 40496

## **TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................2

    I.    PARALLEL IRON, NOT MORGAN STANLEY, IS THE SOURCE OF ANY DELAY. ................................................................................2

    II.    PARALLEL IRON HAS DEVOTED LITTLE TIME AND FEW RESOURCES TO THIS CASE. ......................................................................4

    III.    PARALLEL IRON'S DISPUTE IS WITH CLOUDERA, NOT MORGAN STANLEY, AND SHOULD BE RESOLVED IN THE ACTION AGAINST CLOUDERA. ...............................................................5

CONCLUSION.......................................................................................................................6

## INTRODUCTION

In its opposition to Morgan Stanley's Motion to Stay, Parallel Iron does not take issue with the general principle established by various cases in this Court that patent infringement claims against a manufacturer should proceed in favor of claims against the manufacturer's customers. Instead, it makes two arguments why its claim against Morgan Stanley should not be stayed in favor of its claim against Cloudera: (1) Morgan Stanley unduly delayed filing its stay motion; and (2) Parallel Iron "has already expended significant time and resources litigating this case." (D.I. 40 at 1.) Even if those were a sufficient basis for denial of the requested stay, neither argument is based in fact.

As to the first argument, there has been no delay on the part of Morgan Stanley, undue or otherwise. Parallel Iron did not identify the specific products it accuses of infringement until two months ago. Only then did Parallel Iron make clear that it was accusing Cloudera's Hadoop products of infringing the patents-in-suit. By then, Parallel Iron had also sued Cloudera in this Court. Once Parallel Iron revealed the true target of this suit, Morgan Stanley moved promptly in joining Cloudera's other customers in requesting a stay.

As to the second argument, Parallel Iron has done nothing in this case beyond serving preliminary infringement contentions directed at the Cloudera software. It has served no discovery and conducted no infringement analysis regarding any Morgan Stanley products. The only substantive work Parallel Iron has done is a preliminary infringement analysis of *Cloudera's* Hadoop products that it cut and pasted into contentions served on Morgan Stanley. Parallel Iron has not done any work for this case that it wasn't already doing for related cases.

In any event, Parallel Iron is currently the plaintiff in 17 other actions pending in this Court on the same patents that are at issue here. The validity and enforceability of the patents will be adjudicated in the other actions. And alleged infringement by Cloudera's Hadoop

products is the subject of the case against Cloudera.  There is no reason for Morgan Stanley (or Cloudera's other customers) to be involved.

## ARGUMENT

### I. PARALLEL IRON, NOT MORGAN STANLEY, IS THE SOURCE OF ANY DELAY.

Parallel Iron's primary argument against a stay is that Morgan Stanley supposedly waited too long to make its request.  Parallel Iron contends that "[t]he sole basis for Morgan Stanley's motion is that it is a customer of Cloudera and that the accused HDFS products are provided by Cloudera" and that Morgan Stanley "was in possession of this alleged information when this case was initially filed in July 2012." (D.I. 40 at 4.)

But Parallel Iron's Complaint against Morgan Stanley contains no mention whatsoever of Cloudera.  (*See* D.I. 1.)  To the contrary, Parallel Iron merely alleged that Morgan Stanley "makes, uses, offers for sale, sells and/or imports into the United States a product and/or service implementing Hadoop Distributed File System (HDFS)." (*See* D.I. 1 at ¶ 12; *see also* Kao Decl.[1] at ¶ 5.).  Morgan Stanley served interrogatories asking Parallel Iron to identify the allegedly infringing products used by Morgan Stanley and specifically whether Parallel Iron "allege[d] that Morgan Stanley's implementation of HDFS provided by Cloudera infringes any of the Patents-in-Suit."  On January 11, 2013, Parallel Iron responded that "lack[ed] the information needed to respond to this interrogatory as no discovery has yet occurred in this action." (*See* Ex. A at 5-6, attached hereto).  Morgan Stanley also served Request for Admissions on these same topics, to which Parallel Iron provided similar responses.  (*See* Ex. B, attached hereto).

---

[1]  "Kao Decl." refers to the Declaration of Christopher Kao, submitted herewith.

2

Moreover, in response to express inquiries, Parallel Iron maintained from the start that its lawsuit did not concern any software provided by Cloudera. Because the only software Morgan Stanley has used and currently uses that includes HDFS is supplied by Cloudera (D.I. 33 at ¶ 3), it contacted Cloudera last year to request indemnification, Kao Decl. at ¶ 4. Counsel for Cloudera then contacted Parallel Iron's representatives at IP Navigation Group, LLC ("IPNav") to determine whether this action, and related actions against Bank of America and Motorola Mobility, were directed at software provided by Cloudera. *Id*. at ¶ 5. In numerous discussions during the summer, fall, and winter of 2012, IPNav informed counsel for Cloudera that Parallel Iron's lawsuits against Morgan Stanley, Bank of America, and Motorola Mobility were not based on any software provided by Cloudera, but were instead based on other software these defendants used prior to obtaining any software from Cloudera. *Id*. at ¶ 6. IPNav further represented that Parallel Iron did not intend to bring any lawsuits against Cloudera or its customers for infringement based on the use of Cloudera's Hadoop software. *Id*. at ¶ 7.

Notwithstanding those representations, Parallel Iron sued Cloudera (and 11 more of its customers) on March 18, 2013. (C.A. No. 13-443-RGA, D.I. 1). More than two months later, on May 25, 2013, Parallel Iron served its Paragraph 4(c) initial infringement contentions in this case, identifying only Cloudera's HDFS software as infringing the patents-in-suit. (D.I. 32, Ex. B.) Until then, any notion that this action was directed toward Morgan Stanley's use of Cloudera's HDFS software was directly contradicted by Parallel Iron's representatives at IPNav. There was no basis for Morgan Stanley to move to stay before then. Accordingly, any delay is attributable to Parallel Iron, not to Morgan Stanley.

3

## II. PARALLEL IRON HAS DEVOTED LITTLE TIME AND FEW RESOURCES TO THIS CASE.

Parallel Iron also claims that it has "already expended significant time and resources litigating this case" (D.I. 40 at 1), but fails to make any showing that it has done more than make preliminary contentions about Cloudera's software and respond to less than ten discovery requests.[2] Parallel Iron has not yet served any discovery. The only brief it has written is the five-page opposition to Morgan Stanley's Motion to Stay (a brief that is virtually identical to the oppositions Parallel Iron filed in C.A. Nos. 12-879-RGA and 12-995-RGA).

Parallel Iron also claims it has expended significant time analyzing Morgan Stanley's core technical documents. This could not be the case, however, because there are no *Morgan Stanley* core technical documents. The only core technical documents Morgan Stanley gave Parallel Iron were links to Cloudera's website. (D.I. 32, Ex. A at 2.) Parallel Iron has conducted no analysis specific to Morgan Stanley and no analysis it was not already conducting as to Cloudera. Indeed, the preliminary infringement contentions Morgan Stanley received that Parallel Iron claims were "no small feat" (D.I. 40 at 4), are merely cut and pasted from public websites about Hadoop software in general. (D.I. 32, Ex. B.) There is no "ongoing" "investigation and analysis of Morgan Stanley's infringement." (D.I. 40 at 3.) Any investigation is directed only at Cloudera's Hadoop products.

Parallel Iron's reference to the exchange of proposed claim terms and constructions is a similar misdirection. Those exchanges were with all of the defendants in the

---

[2] Morgan Stanley served three interrogatories and six requests for admission relating to Morgan Stanley's alleged infringement and any possible allegation against Cloudera for infringement and one request for production seeking the same documents Parallel Iron produces to the defendants in the related cases. By agreement, Parallel Iron's objection to the request for production is due August 5.

"Related Cases" (C.A. Nos. 12-762-RGA, 12-763-RGA, 12-764-RGA, 12-766-RGA, 12-769-RGA, 12-876-RGA, 12-877-RGA, 12-879 RGA, 12-879-RGA, 12-880-RGA, 12-995-RGA, 12-1035-RGA, and 13-367-RGA), not with Morgan Stanley in particular. There was no extra effort involved for Parallel Iron. Furthermore, the parties just filed the Joint Claim Construction Statement in all the Related Cases last week (D.I. 42), and have not yet served claim construction briefs. This is not a situation, as Parallel Iron asserts, where significant resources have already been expended such that it is the best use of judicial and litigant resources to see the case through to trial.

### III.   PARALLEL IRON'S DISPUTE IS WITH CLOUDERA, NOT MORGAN STANLEY, AND SHOULD BE RESOLVED IN THE ACTION AGAINST CLOUDERA.

This case is about Cloudera's Hadoop software and only Cloudera's Hadoop software. It took Parallel Iron the better part of a year to disclose it, but Parallel Iron has identified only Cloudera's Hadoop software as infringing the patents-in-suit. As stated in Morgan Stanley's Motion to Stay (D.I. 32), and confirmed in the Declaration of Gary Bhattacharjee (D.I. 33), Morgan Stanley is not involved in the design or development of Cloudera's software products; nor does it use Hadoop software other than that supplied by Cloudera. There is no independent basis for Parallel Iron to pursue claims against Morgan Stanley.

Strangely, however, Parallel Iron has refused to proceed on its claims against Cloudera. (*See* C.A. No. 13-443, D.I. 45.) Last month, Cloudera offered to sever its claims from those of its customers for purposes of joining the schedule already set in the Related Cases, a schedule likely several months ahead of any schedule that would otherwise be entered. (*Id.* at 2.) Parallel Iron rejected Cloudera's proposal. (*Id.*) Thus, even as Parallel Iron complains about

5

delay, it refuses to proceed on its claims against Cloudera, which makes and sells the software Parallel Iron accuses of infringement.

Whatever Parallel Iron's strategy, there is no reason Morgan Stanley should be involved. To the extent that Parallel Iron believes it needs some specific, limited damages discovery from Morgan Stanley when it does proceed against Cloudera, the parties can discuss that. The proper measure of damages here would be a reasonable royalty, however, and Parallel Iron should be able to obtain any information it needs from Cloudera.

## CONCLUSION

For the reasons stated in the Cloudera customers' stay briefing in C.A. No. 13-443-RGA (D.I. 22 and 43), Morgan Stanley's Motion (D.I. 32) and herein, Morgan Stanley respectfully requests that the Court stay this action pending the final resolution of Parallel Iron's claims against Cloudera.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  /s/ Richard L. Horwitz
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

Dated: July 30, 2013
1116964 / 40496

*Attorneys for Defendant*
*Morgan Stanley*

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 30, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 30, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk | Marc Fenster |
| Stephen B. Brauerman | Alexander C.D. Giza |
| Vanessa R. Tiradentes | Paul A. Kroeger |
| Bayard, P.A. | Russ August & Kabat |
| 222 Delaware Avenue, Suite 900 | 12424 Wilshire Blvd., Suite 1200 |
| P. O. Box 25130 | Los Angeles, CA  90025 |
| Wilmington, DE  19899 | paralleliron@raklaw.com |
| rkirk@bayardlaw.com | |
| sbrauerman@bayardlaw.com | |
| vtiradentes@bayardlaw.com | |

By:   */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1110017/40496